IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES ARTIS JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 9:14-CV-133 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, James Artis Jackson, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. A reduction in good time-earning classification is not a sanction which imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). As outlined by the Magistrate Judge, petitioner is subject to more restrictive conditions of confinement and will earn fewer good conduct time credits in the future as a result of the contested disciplinary conviction. Petitioner, however, did not lose any good conduct time that he already earned and has no protected property or liberty interest in his custody classification. *Moody v. Baker*,

857 F.2d 256, 257-58 (5th Cir. 1988). Petitioner was not entitled to due process before receiving such punishment.

To the extent petitioner still complains about the hold on his inmate trust account, petitioner is free to file a separate civil rights action pursuant to 42 U.S.C. § 1983 as this claim challenges a condition of his confinement. A favorable determination as to this claim would not automatically entitle petitioner to accelerated release and is proper only in a § 1983 complaint.

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 21st day of July, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE